# MOTION for Preliminary INJUNCTION

06 - 117

Pursuant to Federal rule 65(a) Plaintiff moves this Court for a preliminary Injunction for the reasons set forth below.

FILED
FEB 23 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

1. There is a reasonable likehood that the Plaintiff will prevail on the merits. As stated in the Complaint the defendents have retaliated against the Plaintiff with Deliberate indifference to a substantial risk of serious harm in violation of Plaintiffs 1st, 4th, and 8th amendment rights.

2.

2. There is a substantial threat of serious harm, if the injunction is not granted. As a result of the defendents actions the plaintiff has been prevented from filing a lawsuit that would reveal numerous violations at BWCI. The inmates will suffer as a result, and if the Plaintiff isn't granted the preliminary injunction her safety will continue to be in detriment.

3. The threatened injuries to plaintiff outweighs any harm the proposed injunction may cause the defendents. The relief the plaintiff seeks is outlined in the following pages.

3.

4. The Public interest will not be disserved by a grant of Preliminary injunction. To the contrary the public will be well served by the awareness of what the defendents are attempting to conceal regarding violations against the female inmates and insure that their Constitutional rights be protected now and in the future.

Wherefore, plaintiff requests that upon consideration of this motion and their supporting memorandum of law, the Courts order the defendents, their successors, agents, and employees, and all persons acting in concert with them to provide plaintiff her Constitution right by discontinuing their actions

of violating her right to freedom of speech, seizing and destroying her property, moving her to a higher security housing unit, firing her from her job, removing the ability of outside contact, or any other type of retaliation for attempting to stand up for the inmates at BWCI. Plaintiff will never stop standing up for the women.

2-13-06

*Teri Meyer*
_____
Plaintiff

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS REQUEST FOR PRELIMINARY INJUNCTION

Terri LEE Meyer
V
D.O.C. Paul Howard et. al

Civil action No. _____

Plaintiff Submits this memorandum of law in Support of her motion for Preliminary injunction

In determining if a Preliminary injunction will be issued the Court must Consider whether the Party Seeking the injunction has demonstrated that (1) It has a reasonable likelihood of Success on the Merits of the underlying Claim (2) No adequate Remedy at law Exists (3) It will Suffer irreparable

harm if the preliminary injunction is denied. (4) The irreparable harm the plaintiff will suffer without injunctive relief is greater than the harm the opposing party will suffer if the preliminary Injunction is granted (5) The preliminary injunction will not harm the public intrest

(1) Plaintiff need only to demonstrate a better than negligible chance of succeeding <u>Cooper v. Salazar 196 F. 3rd 809, 813 (7th Cir 1999)</u>.

Plaintiff will very likely prevail on the merits. The 8th amendment requires that prison officials protect the health and safety of inmates. Instead, the defendents are intentionally putting the Plaintiff's safety in Jeopardy to serve their own ends, with deliberate indifference to the deprivations of her civil liberties.

See Farmer vs Breenan 511 U.S. 825 (1994).

The defendents are aware that their consistant/and retaliation/prevention of the Plaintiff communicating with the rest of the world, and say what she wants to say is a deprivation of her constitutional rights. See Pell vs. Procunier 417 U.S. 817, 822-28 (1974). The inmates at B.W.C.I, for the most part do not complain about the conditions of their confinement (some just don't care). The defendents interferance with the plaintiffs Legal work and the Wardens attempt to discredt the Plaintiff, by makeing it seem as though she is "mentally ill" violates her rights under the 1st, 4th, and 8th, amendment. The plaintiff has been treated unfairly because the defendents fear her intelligence, knowledge of prisoners rights; but most of all, her consistant willingness to speak up for what's right. Therefore the plaintiff is likely to succeed on the merits.

② The Plaintiff faces a substantial threat of irreparable harm if the injunction is not granted. As a result of the defendent's deplorable actions the Plaintiff has been put in a situation that is detrimental to the

-3-

Plaintiffs mental and physical health. The shock of the defendents stripping her of everything in a matter of 3 days - housing, job, school, personal property, legal work, for no legitimate reason and denying her due process of law and notification of the deprivation was an extreme shock. The plaintiff was doing well on Wellbutrin and Effexor but is now slipping into depression due to the deviistation and deprivation the defendents have put her through. It's obvious that the defendents banked on her problem with depression, and her depression reoccurring to rationalize their actions. They were very aware that she was vulnerable due to their almost daily harrassment, and that their actions would have a great impact on her, making it easy Warden Ryan could discredit any allegations made by the Plaintiff in a Lawsuit. In Johnson vs Meltzer 134 Fd. 3rd 1393 1397-98 The Supreme Court held that a prison may only force an immate into mental health officials treatment if the inmate is a danger to herself or others. The plaintiff was certainly no danger to herself or others. In fact, the Plaintiff spent most of her time helping other inmates. The Plaintiff was not a threat to anyone other than the defendent's self-serving persistance to prevent her from disclosing violations at B.W.C.I.

Under the due process clause the plaintiff has a right to bodily integrety - a right to not have officials interfere with her body for no good reason. The plaintiff has been told by doctors who have treated her in the past that her depression is the result of a "chemical imbalance" in her brain. The brain is certainly a part of the body - and one of the more prevelent organs! The plaintiff has "hundreds" —

of witness include the board, the medical staff, and teachers, who can testify that there wasn't anything wrong with her, and that she has been stable and on her medication for the past 6 years. Most staff don't know plaintiff has and is being treated for depression.

③ A preliminary injunction is appropriate to correct the ongoing Constitutional violation. In considering the statements above, the plaintiff is at a great risk for a major reoccurance of her depression. this will result in numerous problems that will effect plaintiff's health and could result in extreme pain, or even death; any doctor who has treated her (before incarcination) can testify to that fact, and will if neccessary. In Delany vs. DeTella, the Seventh Circuit Court held that "similar injury" is sufficient and serious and supports a claim under the 8th Amendment (RE RE-occurance. 256 F.3rd at 685. These injuries will effect the plaintiff's life for a substantial amount of time. After the fact remedies will not be wholly effective see Jolly vs Coughlin 76 F.3rd 468,482 (2nd Circuit, 1996) Federal Statutes and case law restrict the availability of damages for Inmate Civil lawsuits. Damages for the defendents illegal, uncostitutional and terrible actions will be difficult to quantify (and win at trial), particularly is the plaintiff does not have counsel. The relief the plaintiff seeks is an order to compel the defendents to reverse the detriment they have

5

put the plaintiff in under the U.S. Constitution. See Farmer 511 U.S. 832-33. The proposed relief is narrowly tailored to remedy ongoing violations of the plaintiff and of her constitutional rights, and to prevent the occurance of irreparable harm in the future. See 18 U.S.C. 3626 (a). The injunction will not cause the defendents any harm within the limits of their constitutional activities.

4. The public interest will not be disserved by a grant of preliminary Injunction. The plaintiff seeks a preliminary Injunction to protect her rights under the 1st, 4th, 5th, and 8th amendments. The public will be served by knowing how the inmates at B.W.C.I. are treated, and by protecting the rights of the plaintiff. In addition the public will be served because granting this motion will enable the plaintiff to join the Law Suit the defendents confiscated with this Law Suit. The public has the right to know how their state taxes are being used by knowing what the defendents are attempting to keep disclosed. Protecting the Plaintiff's Constitutional rights will ultimately protect the rights of all the inmates at BWCI. See Reiherty vs. Hass 585 Federal Supp 477, 481 (S.D. Iowa 1984) finding that the ultimate public interest lies in the protection of the Constitutional rights that the plaintiff asserts. The public interest is not served by the defendents current practice of retaliation, punishment, for the purpose of abrigement of the plaintiffs Constitutional rights. The defendents have blatently and intionally and irresponsibly violated the law, and the fundemental "right" of the plaintiff to be protected and provided due process under the U.S. Constitution, with total disregard to the community, other D.O.C Employees who

-6-

respect the inmates rights, and all of the inmates at B.W.C.I who have suffered immensely at the hands of the defendents because it was easier to violate their rights than do their jobs.

## Conclusion

For these reasons the plaintiff asks this court to order the defendents, their successors, agents and employees and all persons acting in concert with them to provide the following:

① Immediately move the plaintiff back to the Unit 3 "honor pod" in the room in which she was taken from.

② Immediately return the plaintiff to her job in the Law Library as the Law Clerk and give her back access to all of her legal work in the computer hard drive.

③ Return all of the legal documents that are in their possession including plaintiffs U.S.C. 1983 lawsuit and all other legal work belonging to other inmates in which the plaintiff was assisting.

④ Return all of the plaintiffs personal property in booking, in the law library, and in Colleen Shotzberger's office, so that she can donate + pack up what she intends to send out and donate used books to the Harber House.

⑤ Refrain from interfering with the plaintiffs contact to the outside world by confiscating mail and discontinuing phone priviledges or any other way.

⑥ Clear plaintiff of the false allegations and remove from her file any charges in which she did not have due process of law (which will be all but 1), and clear any charges connected to these events.

-7-

⑦ Refrain from any type of harrasment, retaliation false accusations or allegations and respect the Constitutional rights of the plaintiff unless the defendents can show that they have a penological interest that outweighs the Plaintiff's Constitutional rights, Then work with the plaintiff to find another way to practice that right, that would not be a legitimate security issue.

⑧ Refrain from interfering with the plaintiff's right to talk to other inmates about their rights under the constitution and to file petitions on their behalf, so long as in doing so. It is not illegal, violates any institutional rules. If the defendents can show a penological interest that outweighs the Plaintiff's rights to assist other inmates, then they will find another way to allow her to exercise that right

⑨ Warden Ryan compensate Plaintiff for the property he destroyed in the amount of $100.00, and refrain from ever (including Oconner) destroying her property again.

⑩ Refrain from (all defendent) attempting to discredit the plaintiff as a form of intimidation by telling other staff that they should not believe anything she says or enlisting the help of treatment services staff, security staff or inmates to harrass, intimidate or to violate her rights.

⑪ Refrain from sitting on any boards when decisions are made regarding plaintiff in any way.

2-13-06            -8-            [signature]
                                  Plaintiff

## Exhaustion of Admin. Remedies

As stated in the Plaintiffs Complaint, Warden Ryan and Colleen Shatzberger have confiscated her legal books, forms, documents, and other legal information, and is not permitting the plaintiff to retrieve it. BWCI does not have an effective grievance system, because inmates (not all) fear retaliation with good reason, grievances are many times not answered at all, or are sent back "not grievable", there is not an active grievance commitee, nor is there any way to appeal. This is in the plaintiffs' initial complaint. All documents have been confiscated. Plaintiff has been locked in max hall and not permitted to have any legal documents.
IF the Court grants Plaintiffs preliminary injunction, she will exhaust any remedies that are reasonable and available to her, if she can find any. But at this time the plaintiff asserts that there are no administrative remedies at B.W.C.I that she can exhaust.

2-13-06

Terri Lee Meyer
Plaintiff