IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TERRI LEE MEYER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 06-117-SLR |
| ) | |
| DEPARTMENT OF CORRECTION, ) | |
| PAUL HOWARD, STANLEY TAYLOR, ) | |
| PATRICK RYAN, WCI SUPERVISOR ) | |
| GEORGE O'CONNOR, COLLEEN ) | |
| SHOTZBERGER, CAPT. NFN ) | |
| REPETTI, CORRECTIONAL MEDICAL ) | |
| SERVICES, DR. HOOPER, and ) | |
| DR. NFN JACOVB, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

Plaintiff, Teri Lee Meyer, an inmate housed at the Delores J. Baylor Women's Correctional Institution ("BWCI"), moves the court for a preliminary injunction. (D.I. 5) She also filed a document entitled "habeas corpus" which the court construes as a motion to transfer. (D.I. 6) In her complaint, plaintiff alleges she has been retaliated against and prevented from filing a lawsuit that would reveal numerous violations at BWCI. (D.I. 2)

When considering a motion for a temporary restraining order or preliminary injunction, plaintiff must demonstrate that she is (1) likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendants; and, (4) granting the injunction is in the public interest. Maldonado v. Houstoun, 157

F.3d 179, 184 (3d Cir. 1997). "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights," Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 359 (3d Cir. 1980)(quoting Holiday Inns of Am., Inc. v. B & B Corp., 409 F.2d 614, 618 (3d Cir. 1969)). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." SI Handling Sys., Inc. v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985).

Plaintiff claims that she was retaliated against when the defendants violated her right to free speech, seized and destroyed her property, moved her to a higher security housing unit, fired her from her job, and precluded her from having outside contact. While all of the actions may lead to the conclusion of retaliation, plaintiff has not demonstrated the likelihood of success on the merits on the majority of the issues raised in her quest for injunctive relief. Nor is the relief she seeks available to her.

For example, she seeks to be returned to the honor pod, but it has been determined that the transfer of a prisoner from one classification is unprotected by "'the Due Process Clause in and of itself,"' even though the change in status involves a significant modification in conditions of confinement. Hewitt v. Helms, 459 U.S. 460, 468 (1983) (citation omitted); Moody v. Daggett, 429 U.S. 78 (1976 ); Brown v. Cunningham, 730 F.Supp.

612 (D.Del.1990) (plaintiff's transfer from general population to administrative segregation, without being given notice and opportunity to challenge it, was not violation of plaintiff's liberty interest). She also asks to be returned to her job in the law library, but prisoners have no entitlement to a specific job, or even to any job. James v. Quinlan, 866 F.2d 627, 630 (3d Cir. 1989). Finally, plaintiff seeks the return of all her confiscated property by the prison officials, but she has available to her the option of filing a common law claim for conversion of property, and as a result cannot maintain a cause of action pursuant to § 1983. See Hudson v. Palmer, 468 U.S. 517, 535 (1984); Nicholson v. Carroll, 390 F.Supp. 2d 429, 435 (D.Del. 2005); Acierno v. Preit-Rubin, Inc., 199 F.R.D. 157 (D.Del. 2001) (other citations omitted).

The allegations relative to denial of access to her legal research, legal documents, and access to the law library, however, are a concern. Therefore, the clerk of the court is directed to send a copy of this memorandum order to defendants Paul Howard, Stan Taylor, Patrick Ryan, George O'Connor, Captain NFN Repetti[1], and to the Attorney General of the State of Delaware, 820 N. French Street, Wilmington, Delaware, 19801, so that they may respond to the request for injunctive relief on the specific access to court issues.

---

[1] Because the remaining individuals are named as defendants due to their involvement in medical treatment and care, the court sees no need for service on them.

NOW THEREFORE, IT IS HEREBY ORDERED this 27th day of March, 2006, that:

1. The clerk of the court is directed to forward a copy of plaintiff's complaint, motion for injunctive relief, and motion to transfer (D.I. 2, 5, 6) and this memorandum order to defendant Paul Howard, Stan Taylor, Patrick Ryan, George O'Connor, Captain NFN Repetti, and the Attorney General for the State of Delaware;

2. On or before **April 21, 2006**, defendants and the Attorney General for the State of Delaware shall file a response to the issues of legal research, legal documents, and access to the law library. The court holds its ruling in abeyance on these issues, and DENIES the remaining relief sought by plaintiff in her motion for preliminary injunction and motion to transfer. (D.I. 5, 6)

_____
UNITED STATES DISTRICT JUDGE