IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TERRI LEE MEYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-117-SLR |
| | ) |
| DEPARTMENT OF CORRECTION, | ) |
| PAUL HOWARD, STANLEY TAYLOR, | ) |
| PATRICK RYAN, WCI SUPERVISOR | ) |
| GEORGE O'CONNOR, COLLEEN | ) |
| SHOTZBERGER, CAPT. NFN | ) |
| REPETTI, CORRECTIONAL MEDICAL | ) |
| SERVICES, DR. HOOPER, and | ) |
| DR. NFN JACOVB, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Plaintiff, Terri Lee Meyer, an inmate housed at the Delores J. Baylor Women's Correctional Institution ("BWCI"), moves the court for a preliminary injunction. (D.I. 5) On March 27, 2006, the court denied most of the injunctive relief sought by plaintiff, and held in abeyance it ruling on plaintiff's request for injunctive relief to conduct legal research, the return of her allegedly confiscated legal documents, and the denial of her right to access to the law library. (D.I. 11)

On March 27, 2006, the court ordered defendants to respond to plaintiff's allegations regarding the issues of legal research, legal documents, and access to the law library. A response was filed, along with the affidavit of George O'Connor, as well as other exhibits. (D.I. 23)

As discussed in the March 27, 2006 order, when considering a

motion for a preliminary injunction, plaintiff must demonstrate that: (1) she is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendant(s); and (4) granting the injunction is in the public interest. Maldonado v. Houstoun, 157 F.3d 179, 184 (3d Cir. 1997). "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 359 (3d Cir. 1980)(quoting Holiday Inns of Am., Inc. v. B & B Corp., 409 F.2d 614, 618 (3d Cir. 1969)). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." SI Handling Sys., Inc. v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985).

Defendants argue that plaintiff is not entitled to injunctive relief since it is unlikely she will succeed on the merits, and she cannot make a clear showing of irreparable harm in the absence of an injunction. (D.I. 23) As mentioned above, defendants submitted an affidavit and other records in support of their position, all having been thoroughly reviewed by the court.

The affidavit of defendant George O'Connor ("O'Connor"), paralegal/law librarian at BWCI, states that plaintiff was employed in the BWCI law library from July 11, 2005, until January 26, 2006, when she was terminated and reclassified. In

her complaint, plaintiff alleges that the defendants confiscated all of her legal documents from the law library, including her legal documents on the computer's hard drive, and a copy of the class action suit she was drafting. O'Connor's affidavit states that since plaintiff's removal from the law library position, she has not signed up for law library visits or assistance. The affidavit further states that O'Connor has not received any letters of other form of communication from plaintiff requesting access to the law library or for assistance with her legal issues.

Given the exhibits submitted to the court, plaintiff has not demonstrated the likelihood of success on the merits. Plaintiff alleges that she was denied her legal documents, the ability to conduct legal research, and access to the law library, yet the exhibits filed by defendants indicate that since her dismissal as a librarian's assistant, plaintiff has taken no steps requesting visits to the law library or assistance with her legal issues. Other than her allegations, plaintiff provides nothing to the court to demonstrate irreparable harm. It is noted that despite her allegations that she is deprived access to the courts, she was able to file the present lawsuit. Plaintiff has neither demonstrated the likelihood of success on the merits, nor has she demonstrated irreparable harm to justify injunctive relief.

NOW, THEREFORE, IT IS HEREBY ORDERED this 17th day of May,

2006, that the motion for a preliminary injunction (D.I. 5) is **DENIED**.

                                                          UNITED STATES DISTRICT JUDGE