IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TERRI LEE MEYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-117-SLR |
| | ) |
| DEPARTMENT OF CORRECTION, | ) |
| PAUL HOWARD, STANLEY TAYLOR, | ) |
| PATRICK RYAN, WCI SUPERVISOR | ) |
| GEORGE O'CONNOR, COLLEEN | ) |
| SHOTZBERGER, CAPT. NFN | ) |
| REPETTI, CORRECTIONAL MEDICAL | ) |
| SERVICES, DR. HOOPER, and | ) |
| DR. NFN JACOVB, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Plaintiff, Terri Lee Meyer, an inmate housed at the Delores

J. Baylor Women's Correctional Institution ("BWCI") filed this

civil rights action pursuant to 42 U.S.C. § 1983. (D.I. 2) She

appears pro se, and on March 7, 2006, was granted leave to

proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (D.I. 8)

The court now proceeds to review and screen the complaint

pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the court dismisses without

prejudice the claims against defendants the Department of

Correction ("DOC"), Paul Howard ("Howard"), Stanley Taylor

("Taylor"), Correctional Medical Services ("CMS"), and Dr. Hooper

("Dr. Hooper") for failure to state a claim upon which relief may

be granted and/or as immune from suit pursuant to 28 U.S.C. §

1915 and § 1915A.

## I.    THE COMPLAINT

Plaintiff is an inmate at the BWCI and held a job there as
an inmate librarian's assistant.  Plaintiff alleges that sometime
in May 2005, she, along with seven other inmates at BWCI, began
drafting a civil rights complaint against the defendants in this
action as well as other BWCI employees, to address numerous
constitutional violations.  Plaintiff alleges that to keep her
from filing the lawsuit, she has been retaliated against in
violation of her first amendment rights.  She alleges the
following acts of retaliation: 1) transfer from the minimum
security honor pod to the maximum security mental health unit; 2)
termination from her librarian's assistant job; 3) confiscation
of all legal documents; 4) confiscation of all property; 5)
threatened "if she does not start doing things differently"; 6)
indefinitely barred from the law library; 7) destruction of
personal property; and 8) confiscation of mail.  (D.I. 2)
Plaintiff seeks compensatory, nominal, and punitive damages, as
well as injunctive relief.

## II.   STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915
provides for dismissal under certain circumstances.  When a
prisoner seeks redress from a government defendant in a civil
action, 28 U.S.C. § 1915A provides for screening of the complaint
by the court.  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1)

-2-

provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

Pro se complaints are liberally construed in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a pro se complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

**III. Analysis**

**A.    Eleventh Amendment**

The DOC, an agency of the State of Delaware, is named as a defendant. "Absent a state's consent, the Eleventh Amendment

-3-

bars a civil rights suit in federal court that names the state as a defendant." Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981) (citing Alabama v. Pugh, 438 U.S. 781 (1978)). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. See Ospina v. Dep't of Corr., 749 F.Supp. 572, 579 (D.Del. 1991). Hence, as an agency of the State of Delaware, the Department of Correction is entitled to immunity under the Eleventh Amendment. See e.g. Evans v. Ford, C.A. No. 03-868-KAJ, 2004 WL 2009362, *4 (D.Del. Aug. 25, 2004) (dismissing claim against DOC, because DOC is state agency and DOC did not waive Eleventh Amendment immunity). Plaintiff's claim against the Department of Correction has no arguable basis in law or in fact inasmuch as it is immune from suit. Therefore, it is frivolous and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

**B. Respondeat Superior**

Plaintiff sued defendants Howard, Taylor, CMS, and Dr. Hooper all on the basis of respondeat superior. Supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. See Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional

-4-

violation" or exhibit "deliberate indifference to the plight of the person deprived." Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing City of Canton v. Harris, 489 U.S. 378, 389 (1989)).

The body of the complaint contains no allegations against Howard, Taylor, CMS, or Dr. Hooper. Rather, plaintiff merely mentions these defendants in the "Parties" section. For example, in the "Parties" section, the complaint states that Taylor and Howard "are involved in policy and decision making", Dr. Hooper is an "administrator", and CMS "is a medical agency contracted by BWCI and is responsible for the medical needs of the inmates". (D.I. 2, III. Parties) The complaint does not allege that any of these defendants were the "driving force [behind]" plaintiff's alleged constitutional violations or that they were deliberately indifferent to her plight.

Construing the complaint in the light most favorable to the plaintiff, as the court must do, it is evident that these parties were named as defendants solely upon their supervisory/ administrative positions. Accordingly, the claims against Howard, Taylor, CMS, and Dr. Hooper are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) as they have no arguable basis in law or in fact.

## IV. APPOINTMENT OF COUNSEL

Plaintiff also requests appointment of counsel. (D.I. 4)

She seeks appointed counsel on the bases that there is a strong likelihood she is in immediate danger because of the lengths the defendants have gone to prevent her from filing a § 1983 lawsuit, she is barred from the law library where all her documents and legal books were confiscated, all her incoming and outgoing mail is being confiscated, she is physically and mentally exhausted, the case may involve extensive litigation and information gathering, and she is indigent.

A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to appointed counsel. See Ray Robinson, 640 F.2d 474, 477 (3d Cir. 1981). It is within this court's discretion to seek representation by counsel for plaintiff "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

This case is in its initial stages and service has not yet been effected. It is this court's practice to dismiss without prejudice motions for appointment of counsel filed prior to

-6-

service. Moreover, the court has addressed the issue of plaintiff's access to the law library and her ability to conduct legal research in ruling upon plaintiff's motion for a preliminary injunction and found that documentation provided by defendants indicated that plaintiff had taken no steps to access the law library. Based upon the foregoing, the motion for appointment of counsel (D.I. 4) is denied without prejudice, with leave to refile following service of the complaint.

**V.  CONCLUSION**

NOW THEREFORE, at Wilmington this 23d day of May, 2006, IT IS HEREBY ORDERED that:

1.    The clerk of the court shall forward a copy of this order to plaintiff.

2.    The motion for appointment of counsel (D.I. 4) is DENIED without prejudice.

3.    The  claims filed against the Department of Correction, Paul Howard, Stanley Taylor, Correctional Medical Services, and Dr. Hooper are DISMISSED without prejudice, for failure to state a claim upon which relief may be granted and/or as immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

4.    The court has identified a cognizable retaliation claim against defendants Patrick Ryan, George O'Connor, Colleen Shotzberger, Capt. Repetti, and Dr. Jacovb.  Plaintiff is allowed to PROCEED against these defendants.

-7-

5.    Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2),
plaintiff shall complete and return to the clerk of the court an
**original** "U.S. Marshal-285" form for **the remaining defendants,
(i.e., Patrick Ryan, George O'Connor, Colleen Shotzberger, Capt.
Repetti, and Dr. Jacovb)** as well as for the **Attorney General of
the State of Delaware**, 820 N. FRENCH STREET, WILMINGTON,
DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c).
**Additionally, plaintiff shall provide the court with one copy of
the complaint (D.I. 2) for service upon the remaining defendants.
Plaintiff is notified that the United States Marshal will not
serve the complaint until all "U.S. Marshal 285" forms have been
received by the clerk of the court.  Failure to provide the "U.S.
Marshal 285" forms for the remaining defendants and the attorney
general within 120 days from the date of this order may result in
the complaint being dismissed or defendants being dismissed
pursuant to Federal Rule of Civil Procedure 4(m).**

6.    Upon receipt of the form(s) required by paragraph 5
above, the United States Marshal shall forthwith serve a copy of
the complaint, this order, a "Notice of Lawsuit" form, the filing
fee order(s), and a "Return of Waiver" form upon the remaining
defendants identified in the 285 forms.

7.    Within **thirty (30) days** from the date that the "Notice
of Lawsuit" and "Return of Waiver" forms are sent, if an executed
"Waiver of Service of Summons" form has not been received from a

-8-

defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

8.   Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent.  If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

9.   No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

10.   **NOTE: \*\*\*** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**.  An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a).  **\*\*\***

11.   **Note: \*\*\*** Discovery motions and motions for appointment

-9-

of counsel filed prior to service will be dismissed without

prejudice, with leave to refile following service. **\*\*\***

UNITED STATES DISTRICT JUDGE