IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TERRI LEE MEYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-117-SLR |
| | ) | |
| PATRICK RYAN, COLLEEN | ) | |
| SHOTZBERGER, and GEORGE | ) | |
| O'CONNER | ) | |
| Defendants. | ) | |

## ANSWER TO COMPLAINT

State Defendants, Ryan, Shotzberger and O'Conner, by and through undersigned counsel hereby answer the complaint as follows:

**I. Jurisdiction**

Admitted that the District Court shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States, and authorized by law to be commenced by any person to redress the deprivation of a constitutional right. Defendants deny that the District Court has subject matter jurisdiction against them.

**II. Venue**

Denied.

**III. Parties**

1.  Admitted that Plaintiff is a prisoner in the custody of the Delaware Department of Correction and currently housed in the Baylor Women's Correctional Institution ("BWCI"), New Castle, Delaware.

2.  Admitted that Defendants' Ryan, Shotzberger, and O'Conner are employed by

the Delaware Department of Correction and are currently working at the BWCI in New Castle, Delaware. It is further admitted that Patrick Ryan is the Warden, Colleen Shotzberger is the Treatment Services Administrator, and George O'Conner is the Law Librarian.

**IV. Statement of Claim**

3.      The Plaintiff does not set forth her claims in separate, numbered paragraphs; however, her factual allegations are construed to allege a First Amendment retaliation claim against State Defendants to prevent her from filing a lawsuit.

4.      State Defendants are without information or knowledge sufficient to form a belief as to the allegations of a pending lawsuit contained in page 4 of Plaintiff's complaint and therefore deny the allegations.

5.      State Defendants deny that they subjected or caused to be subjected, Plaintiff to the deprivation of any rights protected by federal law.

6.      State Defendants deny that they are subject to § 1983 liability as a result of Plaintiff's transfer to the maximum security mental health unit.

7.      State Defendants deny that they are subject to § 1983 liability as a result of her termination from her job as a library assistant. By way of further answer, Plaintiff repeatedly failed to comply with the library rules of conduct and regulations.

8.      State Defendants deny that they are subject to § 1983 liability for the alleged confiscation of her personal property.

9.       State Defendants deny that Plaintiff has been indefinitely barred from the law library.

10.     State Defendants deny that they confiscated plaintiff's mail in retaliation for

exercising her First Amendment rights.

## RELIEF

11. It is specifically denied that Plaintiff is entitled to any other relief.

## AFFIRMATIVE DEFENSES

12. Plaintiff failed to exhaust her administrative remedies.

13. Plaintiff's suit for monetary damages against State Defendants as set forth in her request for relief is barred by the Eleventh Amendment to the United States Constitution.

14. State Defendants have not waived immunity from liability.

15. State Defendants are not "persons" for the purposes of 42 U.S.C. § 1983, and are outside the class of persons subject to liability under the statute.

16. Plaintiff's suit for injunctive relief is barred by the Eleventh Amendment.

17. Plaintiff fails to state a claim against the State Defendants in their individual capacities.

18. Plaintiff failed to show that State Defendants are liable for alleged constitutional deprivations in the absence of any State Defendants' personal involvement.

19. Plaintiff is barred from suit imposing § 1983 liability against State Defendants on the basis of a *respondeat* superior theory.

20. To the extent of actual involvement, State Defendants acted in good faith, as state officers, or as individuals in all actions which relate to the Plaintiff, and therefore, are immune from all claims alleged in Plaintiff's complaint.

 Wherefore, the State Defendants demand that judgment be entered in their favor as to all claims and against the plaintiff as to all claims, and attorney's fees and costs be awarded to defendants.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE


 /s/ Ophelia M. Waters
Ophelia M. Waters, I. D. #3879
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, Delaware 19801
 (302) 577-8400
Counsel for State Defendants

Dated: August 29, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2006, I electronically filed an *Answer to Complaint* with the Clerk of Court using CM/ECF. I hereby certify that on August 29, 2006, I have mailed by United States Postal Service, the document to the following non-registered participant:

Terri Lee Meyers, Inmate
SBI # 00371169
Baylor Women's Correctional Institution
660 Baylor Boulevard
New Castle, DE 19720

                                    **STATE OF DELAWARE**
                                    **DEPARTMENT OF JUSTICE**

                                    /s/ Ophelia M. Waters
                                    Ophelia M. Waters, I.D. #3879
                                    Deputy Attorney General
                                    820 North French Street, 6th Floor
                                    Wilmington, Delaware 19801
                                    (302)577-8400
                                    ophelia.waters@state.de.us