IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

TERRI LEE MEYER,                )
                                )
          Plaintiff,            )
                                )
     v.                         ) Civ. No. 06-117-SLR
                                )
PATRICK RYAN, WCI SUPERVISOR    )
GEORGE O'CONNOR, COLLEEN        )
SHOTZBERGER, CAPT. NFN          )
REPETTI, and DR. NFN JACOVB,    )
                                )
          Defendants.           )

**MEMORANDUM ORDER**

At Wilmington this ~~22d~~ day of September, 2006, having

reviewed the motion for reconsideration and the motion for

voluntary dismissal filed by plaintiff Terri Lee Meyer, and the

papers submitted thereto;

IT IS ORDERED that the motion for reconsideration is denied

(D.I. 29), and the motion to voluntarily dismiss defendants NFN

Repetti and NFN Dr. Jacovb (D.I. 30) is granted, for the reasons

that follow:

1. **Background.** Plaintiff, an inmate housed at the Delores

J. Baylor Women's Correctional Institution, filed this civil

rights complaint pursuant to 42 U.S.C. § 1983. She later sought

injunctive relief and, on March 27, 2006, the court denied most

of the injunctive relief sought by her. (D.I. 5, 11) The court

held in abeyance its ruling on plaintiff's request for injunctive

relief to conduct legal research, the return of her allegedly

confiscated legal documents, and the denial of her right to

access to the law library. (D.I. 11) The remaining request for injunctive relief was denied on May 23, 2006. (D.I. 16)

2. **Standard of Review**. The standard for obtaining relief under Rule 59(e) is difficult to meet. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

3. A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. See Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of

-2-

reasoning but of apprehension." <u>Brambles USA</u>, 735 F.Supp. at
1241 (D. Del. 1990) (citations omitted); <u>See</u> <u>also</u> D. Del. LR
7.1.5.

4.    **Discussion.**    Plaintiff continues to seek confiscated
legal work.    She contends that defendants confiscated all of her
personal legal work, and that she is not quite sure how to deal
with the problem.    Defendants previously advised the court no
letters or any other form of communication was received from
plaintiff requesting access to the law library or assistance with
her legal issues.    Plaintiff does not refute this, but advises
the court she sought assistance from the ACLU to regain
possession of her confiscated legal materials.

5.    Plaintiff also filed a document with the court
requesting the court dismiss from the complaint defendants NFN
Repetti and NFN Dr. Jacob.    (D.I. 30)    The document is construed
as a motion to voluntarily dismiss pursuant to Fed. R. Civ. P.
41(a).

6.    **Conclusion.**    Plaintiff does not argue there was an
intervening change in the controlling law or the availability of
new evidence that was not available when the May 23, 2006 order
was entered.    Nor does she argue that there is a need to correct
a clear error of law or fact.    Plaintiff has not demonstrated the
grounds necessary to warrant reconsideration and, therefore, her
motion (D.I. 29) is be **denied**.    <u>The court is concerned, however,</u>

about plaintiff's assertion that all her legal materials were confiscated by defendants. Therefore, the parties shall advise the court in writing, no later than **October 6, 2006**, of the status of plaintiff's alleged confiscated legal material. The motion to voluntarily dismiss defendants NFN Repetti and NFN Dr. Jacovb (D.I. 30) is **granted**, the claims against them are dismissed, and they are dismissed as defendants in this action.

UNITED STATES DISTRICT JUDGE