**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| TERRI LEE MEYER | : | CIVIL ACTION |
|         Plaintiff, | : | NO.  06-117 (SLR) |
| v. | : | |
| | : | |
| PATRICK RYAN, COLLEEN | : | |
| SHOTZBERGER and GEORGE | : | JURY TRIAL DEMANDED |
| O'CONNOR | : | |
|         Defendants. | : | |

**JOINT DISCOVERY PLAN OF
PLAINTIFF TERRI LEE MEYER, AND DEFENDANTS PATRICK RYAN, COLLEEN
SHOTZBERGER, AND GEORGE O'CONNOR**

On February 6, 2007 counsel for Plaintiff Terri Lee Meyer ("Plaintiff") and counsel for Defendants Warden of Baylor Women's Correctional Institution, Patrick Ryan, Correctional Treatment Administrator, Colleen Shotzberger and BWCI Paralegal/Law Librarian George O'Connor (collectively "Defendants") held a telephone conference to discuss scheduling, discovery and other logistics in the above matter in order to propound a discovery plan.  The proposed discovery plan is as follows:

    1.      No changes are needed in the timing, form, or requirement of initial disclosures under the Federal Rules of Civil Procedure and this Court's initial Scheduling Order.

    2.      Discovery shall not be completed in phases, and shall generally be focused upon claims and allegations raised in this matter.  The parties agree that significant discovery will be necessary, primarily consisting of depositions, interrogatories and document requests.

    3.      Experts are not anticipated at this time but each party reserves the right to make that determination and inform opposing counsel of such expert(s) in accord with the Federal Rules of Civil Procedure and/or the orders of this Court.

4.	The parties anticipate that certain electronic discovery, including discovery of alleged computer files held at BWCI Law Library, may require certain logistical mechanisms, with or without involvement by the Court, to ensure proper discovery scope, rights and standards are upheld.  Although the parties anticipate more than simple document discovery, such discovery should not be unnecessarily difficult or complex.  It is anticipated that the extent of such discovery should be completed efficiently and within approximately five to six months.

5.	Accordingly, the parties propose the following dates for scheduling this matter via the Court's form of Scheduling Order:

**O R D E R**

At Wilmington this day         of                            2007, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1.	**Pre-Discovery Disclosures**. The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2. within one week from the above conference.

2.	**Discovery**.

(a)	Discovery will be needed on the following subjects:  § 1983 First Amendment Retaliation Claim and related claims regarding access to the Courts, as set forth in all Counts of the Amended Complaint.

(b)	All discovery shall be commenced in time to be completed by <u>July 23, 2007.</u>

(c)     Maximum of  25  interrogatories by each party to any other party.

(d)     Maximum of  25  requests for admission by each party to any other party.

(e)     Maximum of  4  depositions by plaintiff and 4 by defendant.

(f)     Each deposition limited to a maximum of 4 hours unless extended by agreement of parties.

(g)     Reports from retained experts under Rule 26(a)(2) on issues for which any party has the burden of proof due by July 13, 2007.   Rebuttal expert reports due by July 20, 2007.

(h)     **Discovery Disputes**. Any discovery dispute shall be submitted to the court pursuant to Fed. R. Civ. P. 37. During the course of discovery, each party is limited to **two (2)** Rule 37 motions. The court shall make itself available, however, to resolve through a telephone conference, disputes that arise during the course of a deposition and disputes related to entry of a protective order.

3.     **Joinder of other Parties, Amendment of Pleadings, and Class Certification.**   All motions to join other parties, amend the pleadings, and certify a class action shall be filed on or before March 30, 2007.

4.     **Settlement Conference.**  [To be addressed.]

5.     **Summary Judgment Motions**. All summary judgment motions shall be served and filed with an opening brief on or before August 30, 2007. Briefing shall be pursuant to D. Del. LR 7.1.2. No summary

judgment motion may be filed more than **ten (10)** days from the above date without leave of the court.

6. **Applications by Motion**. Any application to the court shall be by written motion filed with the clerk. Unless otherwise requested by the court, counsel shall not deliver copies of papers or correspondence to chambers. **Any nondispositive motion shall contain the statement required by D. Del. LR 7.1.1.**

7. **Motions in Limine**. All motions in limine shall be filed on or before September 17, 2007. All responses to said motions shall be filed on or before **one week before pretrial conference**.

8. **Discovery disclosures** under Fed.R.Civ.P. 26(a)(3) served upon each party by September 28, 2007, with objections thereto served on each party and filed with the Court within 14 days thereafter.

9. **Pretrial Conference**. A pretrial conference will be held on _____at _____ am./pm in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

10. **Joint pretrial statement** filed with Court and Chambers, signed by all counsel, by October 19, 2007.

11. **Trial**. This matter is scheduled for a 3 day jury trial commencing on October 29, 2007 in courtroom 6B, sixth floor Federal Building, 844 King Street,

Wilmington, Delaware.  For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

6.    The parties anticipate that trial shall last not more than three (3) days.

7.    The parties agree to use their best efforts to enter into stipulations as to certain facts developed and confirmed during discovery.

8.    The parties do not anticipate the need for any changes to local discovery rules.

Respectfully submitted,

GEORGE O'CONNOR, PATRICK RYAN, COLLEEN SHOTZBERGER

/s/Ophelia M. Waters
Ophelia M. Waters, Esquire
Deputy Attorney General
State of Delaware Dept. of Justice
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, DE 19801
Wk: (302) 577-8400
*Counsel for Defendants,*
*George O'Connor, Patrick Ryan, and*
*Colleen Shotzberger*

TERRI LEE MEYER

/s/ Julia M. Graff
Julia M. Graff, Esquire (No. 4708)
ACLU of Delaware
100 W. 10th Street, Suite 309
Wilmington, DE 19801
Phone: (302) 654-5326, ext. 103
Fax: (302) 654-3689

/s/Liam Y. Braber
Christopher I. McCabe, Esq.
Liam Y. Braber, Esq.
JACOBY DONNER PC
1700 Market St., Ste. 3100
Philadelphia, PA 19103
Ph. (215) 563-2400
Fax. (215) 563-2870

*Counsel for Plaintiff, Terri L. Meyer*

**SO ORDERED AND APPROVED BY THE COURT:**

Date:_____    _____
                              SUE L. ROBINSON, J.