IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TERRI LEE MEYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-117-SLR |
| | ) | |
| PATRICK RYAN, COLLEEN SHOTZBERGER, and GEORGE O'CONNER | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**STIPULATED PROTECTIVE ORDER**

WHEREAS, Plaintiff seeks production of certain policies and procedures of the Delaware Department of Correction and the Baylor Women's Correctional Institution;

WHEREAS, Defendants assert that 11 *Del. C.* § 4322 prohibits the release of such information in the absence of a formal court order authorizing such release;

NOW THEREFORE, it appearing to the Court that a Protective Order under Rule 26(c) of the Federal Rules of Civil Procedure is necessary and appropriate and will facilitate discovery,

IT IS HEREBY ORDERED THAT:

1.      Defendants may designate material or information in this litigation as

"Confidential," in which case such material or information shall be treated in accordance with the terms of this Stipulated Protective Order.

2. The entry of this Stipulated Protective Order shall not waive any objection of privilege, confidentiality or otherwise as created by federal and state common and statutory law.

3. The term "Confidential" may be applied only to material or information that Defendants in good faith believe is confidential under 11 *Del. C.* § 4322. This Stipulation shall not be construed to waive or otherwise prejudice any right, remedy, claim or defense in this action. Plaintiff, upon disclosure of documents marked "Confidential" under this Stipulation, may object to and seek removal of such marking by filing an appropriate motion, with notice to all parties and opportunity to respond.

4. Any document or portion thereof, including any transcript, exhibit, answer to interrogatory, other discovery request or response, affidavit, brief, memorandum, or any other paper that Defendants believe to contain Confidential Information as is defined, set forth or deemed part of the documents enumerated in 11 Del.C. § 4322(a) and (d) shall be so designated by stamping or otherwise applying thereto the designation "CONFIDENTIAL," in which case such designated document and the information contained therein shall be treated in accordance with the terms of the Stipulated Protective Order.

5. Any material or document designated "CONFIDENTIAL" shall be available only to Qualified Persons, shall be used solely in connection with this litigation (including appeals), and shall not be disclosed to any other person without the prior written consent of Defendants or of the Court. It is further stipulated and agreed that for purposes of this litigation only, plaintiff's counsel may review with Plaintiff any material or document designated "CONFIDENTIAL" but under no circumstances shall Plaintiff be either provided or permitted to retain or copy any portion of such "CONFIDENTIAL" materials.

6. "Qualified Person," as used herein, shall mean:

    a. any attorney appearing of record or of counsel in this case and their employees including paralegal, secretarial, photocopying, document imaging, data entry, data processing, drafting, graphics, stenographic reporting or clerical personnel;

    b. any independent expert or independent consultant and their employees serving any attorneys identified in Paragraph 6(a) for the purposes of this case;

    c. any independent paralegal, secretarial, photocopying, document imaging, data entry, data processing, drafting, graphics, stenographic reporting or clerical personnel serving any attorneys identified in Paragraph 6(a) for the purposes of this case;

    d. any court reporter or videographer employed or retained by a party for the purposes of transcribing and/or recording a deposition; and

    e. the Court and its personnel.

The individual Plaintiff, Terri Lee Meyer, is not a Qualified Person within the meaning of this Stipulated Protective Order.  However, for purposes of this litigation only, Plaintiff's counsel may consult with Plaintiff and review with Plaintiff any material or document designated "CONFIDENTIAL" but under no circumstances shall Plaintiff be either provided or permitted to retain or copy any portion of such "CONFIDENTIAL" materials.  No other person shall become a Qualified Person without prior leave of the Court or prior written consent of Defendants.

7. Material and information marked "CONFIDENTIAL" may be used solely for purposes of this litigation and, if otherwise admissible, may be introduced into evidence in any proceeding (including appeals) that is a part of this litigation.

8. If material or information marked "CONFIDENTIAL" is used in any deposition, the portion of the deposition in which the material or information is used shall be deemed to contain confidential information as defined in this Stipulated Protective Order and shall be treated as if it were marked "CONFIDENTIAL" in accord with this Stipulated Protective Order.  Use of material or information marked "CONFIDENTIAL" in a deposition shall not change its status under this Stipulated Protective Order.

9. Should any Confidential Information be disclosed, through inadvertence or otherwise, to any person not authorized pursuant to the terms of this Stipulated Protective Order, Plaintiff shall (a) use best efforts to obtain the return of any such Confidential Information; (b) promptly inform such person of all provisions of this

Stipulated Protective Order; and (c) identify such person immediately to Defendants.

10. Any Defendant may testify concerning any material or information marked "CONFIDENTIAL" so long as there is no objection other than confidentiality to such testimony.

11. All documents of any nature that are filed with the Court for any purpose and that contain materials or information marked "CONFIDENTIAL" shall be filed in sealed envelopes that bear the statement: "CONFIDENTIAL – FILED UNDER SEAL."

12. The inadvertent or unintentional failure by Defendants to designate specific documents or information as Confidential shall not be deemed a waiver in whole or in part of Defendants' claim of confidentiality as to such documents or information.

13. On final resolution of this litigation, Plaintiff, and other persons subject to the terms hereof shall, within sixty (60) calendar days, destroy or return to Defendants all materials, documents and things marked as CONFIDENTIAL.

14. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that the same information may be relevant and subject to disclosure in another case. If Plaintiff becomes subject to a motion to disclose Defendants' information which has been designated CONFIDENTIAL pursuant to this order, Plaintiff shall promptly notify Defendants of the motion so that Defendants may have the opportunity to appear and be

heard on whether that information should be disclosed.

| | |
|---|---|
| JACOBY DONNER, P.C | DEPARTMENT OF JUSTICE<br>STATE OF DELAWARE |
| ____/s/ Liam Braber_____<br>Liam Y. Braber, Esquire<br>Christopher I. McCabe, Esquire<br>Jacoby Donner, P.C.<br>1700 Market Street, Ste. 3100<br>Philadelphia, Pennsylvania 19103 | /s/ Ophelia M. Waters_____<br>Ophelia M. Waters, I. D. #3879<br>Deputy Attorney General<br>Carvel State Office Building<br>820 North French Street, 6th Floor<br>Wilmington, Delaware 19801<br> (302) 577-8400<br>ophelia.waters@state.de.us<br>Attorney for Defendants |

        SO ORDERED this ___ day of _____, 2007.

_____
United States District Judge

heard on whether that information should be disclosed.

| | |
|---|---|
| JACOBY DONNER, P.C | DEPARTMENT OF JUSTICE STATE OF DELAWARE |
| ____/s/ Liam Braber_____ | /s/ Ophelia M. Waters_____ |
| Liam Y. Braber, Esquire | Ophelia M. Waters, I. D. #3879 |
| Christopher I. McCabe, Esquire | Deputy Attorney General |
| Jacoby Donner, P.C. | Carvel State Office Building |
| 1700 Market Street, Ste. 3100 | 820 North French Street, 6th Floor |
| Philadelphia, Pennsylvania 19103 | Wilmington, Delaware 19801 |
| | (302) 577-8400 |
| | ophelia.waters@state.de.us |
| | Attorney for Defendants |

ACLU OF DELAWARE

__/s/ Drewry N. Fennell____
Drewry N. Fennell, Esquire
ACLU of Delaware
100 West 10th Street, Suite 309
Wilmington, DE  19801

SO ORDERED this ___ day of _____, 2007.

_____
United States District Judge