IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TERRI LEE MEYER, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | NO. 06-117-SLR |
| vs. | : | |
| | : | JURY TRIAL DEMANDED |
| PATRICK RYAN, et al., | | |
| Defendants. | | |

**ORDER COMPELLING DISCOVERY, OVERRULING OBJECTIONS, GRANTING LIMITED EXTRAORDINARY RELIEF, AND IMPOSING SANCTIONS**

AND NOW, this _____ day of _____, 2007, upon consideration of Plaintiff's Motion to Compel Discovery, Overrule Objections, Obtain Limited Extraordinary Relief and Impose Sanctions, and any response thereto, it is hereby ORDERED that Plaintiff's Motion is GRANTED, and IT IS FURTHER ORDERED that:

1) Defendants' discovery objections are OVERRULED; and,

2) Defendants shall, without further objection, within ten (10) days of this Order:

   a) Produce and serve on Plaintiff's counsel any and all responsive electronic computer files from any and all computers within Defendants' control, comply in full with Plaintiff's electronic discovery requests, and comply with this Court's standard e-discovery procedure; and,

   b) Produce and serve on Plaintiff's counsel any and all documents responsive to Plaintiff's Document Requests 1, 2, 3, 5, 6, 7 and 15; and,

   c) Produce and serve on Plaintiff's counsel any and all documents responsive to the six (6) document requests marked during the June 22, 2007 deposition of George O'Connor, including documents related or referring to Meyer kept in

2

    O'Connor's office files, Meyer's employment or personnel file, and copies or detailed descriptions of documents allegedly "shredded"; and,

3) Plaintiff's are granted the extraordinary relief of an extension of the September 14, 2007 discovery deadline until October 1, 2007, <u>only</u> for the purposes of reviewing Defendants' responses to Interrogatories and moving to compel full responses should Plaintiff deem necessary; and,

4) $1,000.00 in counsel fees are awarded in favor of Plaintiffs and against Defendants, to be paid within thirty (30) days of this Order.

                BY THE COURT:

                _____
                           J.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TERRI LEE MEYER, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| vs. | : | NO. 06-117-SLR |
| | : | |
| PATRICK RYAN, et al., | : | JURY TRIAL DEMANDED |
| Defendants. | | |

**NOTICE OF MOTION**

TO: Defendants Ryan, O'Connor, and Shotzberger
c/o Stuart P. Drowos, Esq., Ophelia M. Waters, Esq.
Deputy Attorneys General
Delaware Dept. of Justice
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, DE 19801

PLEASE TAKE NOTICE that Plaintiff in the above matter hereby moves the United States District Court for the District of Delaware, for an Order to compel discovery, overrule objections, obtain limited extraordinary relief and impose sanctions. PLEASE TAKE FURTHER NOTICE that, in support of this motion, Plaintiff will rely upon the Pleadings, this Motion to Dismiss and accompanying Brief in Support, and Exhibits.. A proposed Order is submitted. PLEASE TAKE FURTHER NOTICE that Plaintiff does not request Oral Argument at this time, but will reserve the right to oral argument if opposition is submitted to this Motion.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TERRI LEE MEYER, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| vs. | : | NO. 06-117-SLR |
| | : | |
| PATRICK RYAN, et al., | : | JURY TRIAL DEMANDED |
| Defendants. | | |

**MOTION TO COMPEL DISCOVERY, OVERRULE OBJECTIONS, OBTAIN LIMITED EXTRAORDINARY RELIEF, AND IMPOSE SANCTIONS**

Under Rule 37 of the Federal Rules of Civil Procedure, Plaintiff Terri Lee Meyer ("Meyer"), by undersigned counsel, hereby respectfully requests that this Court compel Defendants to produce discovery to comply with Plaintiff's discovery requests, without objection, at the offices of Plaintiff's counsel, ACLU Foundation of Delaware or Jacoby Donner, PC.  In support of the Motion to Compel, Plaintiff hereby avers the following:

**Background**

1.  This action is a First Amendment civil rights action on behalf of Plaintiff Terri L. Meyer, a Baylor Women's Correctional Institution ("BWCI") inmate.  Meyer alleges, *inter alia,* via her First Amended Complaint, that Defendants BWCI personnel violated her First Amendment right of access to the courts, through direct action, confiscation of legal documents, and retaliation, related to preparation of an omnibus civil rights complaint on behalf of Meyer and other inmates challenging various conditions at BWCI.  Among many other relevant facts, Meyer worked as law library clerk and was terminated from that job on or about January 26, 2005, concurrent with a seizing of Meyer's legal preparation materials by Defendants.  Much of

1

the legal materials were kept from Meyer until being returned many months later and some remain missing.  See First Amended Complaint.

        2.       The Discovery Deadline for the above matter is September 14, 2007.

### Plaintiff's Electronic Discovery Requests

        3.       On February 27, 2007, Plaintiff Meyer served her first request for electronic discovery (and for compliance with this Court's standard E-Discovery policy), seeking law library computer files related to Ms. Meyer.  See attached Request and Notice of Service, at Exhibit "A."

        4.       In response and after much consultation among Plaintiff's and Defendants' counsel and Defendants' electronic document forensic analyst Stephen Bunting, Defendants, through Stephen Bunting, produced electronic copies of documents contained in a single law clerk computer for the law library.

        5.       Defendants, however, failed to disclose other computer files related to Ms. Meyer, including those contained on the computers used by Defendants.  Even the existence of such computers was not disclosed, despite Defendants' standing duty and Plaintiff's specific demand for information on all computer drives and on the computer system in general.  See Exhibit "A."

        6.       On May 25, 2007, Plaintiff Meyer served Document Requests on Defendants, requesting, inter alia, electronic documents related to Ms. Meyer since 2004, Meyer's employment as law clerk, Meyer's legal action, Meyer's work on a previous civil rights complaint, and related relevant documents,.  See Document Requests, Definition #5, Requests ##1, 2, 3, 5, 6, 7, 10., attached at Exhibit "B."

7.      Plaintiff Meyer's document requests specifically requested relevant documents forensically reviewed or prepared, specifically including forensic analyst Stephen Bunting. See Request #10, at Exhibit "B."

8.      By Response dated June 21, 2007, Defendants relied upon vague objections of overbreadth and undue burden. Defendants produced only a spreadsheet of from the single law clerk computer in the law library. See Response ##1, 2, 3, 5, 6, 7, 10, at Exhibit "B."

9.      At deposition of law librarian/paralegal George O'Connor, on June 22, 2007, Mr. O'Connor confirmed for the first time that the law library actually had two (2) computers, one that Mr. O'Connor uses and the law clerk's computer:

```
Q.    Are there computers in the law library?

A.    Presently there's one.

Q.    How many are there usually?  That's not a good
         question.  How many computers were there when you
      first arrived at the law library?

A.    Two.
                    ****
A.    Well, the computer I was using was for a
      purpose, to assist the inmates with their legal
      issues.  The computer that the inmate law clerk was
      using, my understanding was some type of computer
       course or something she was taking.  ***
```

(O'Connor, pp. 23, 27-28 at Exhibit "C").

10.     Further, on or about July 5, 2007, Plaintiff's counsel learned additional computer files relating to and referring to Ms. Meyer exist on the computers of Defendant O'Connor and Defendant Shotzberger, but such electronic documents had not been produced in discovery with the rest of the electronic files.

11.     On July 10, 2007, Plaintiff's counsel reminded Defendants to produce responsive electronic computer files from all Defendants' computers, and attempted to secure the production

3

of such documents. See Discovery Letter, at Exhibit "D." Further, in that letter, Plaintiff's counsel specifically requested written confirmation that all Defendants' computers had been searched for responsive documents. See id. Defendants did not respond to these requests.

12. To this date, despite numerous requests by counsel, Defendants failed to produce other electronic documents that exist on all the computers within the Defendants' control.

13. Plaintiff Meyer requests that Defendants be compelled to produce all electronic documents responsive to Plaintiff's discovery request and to comply with this Court's standard e-discovery procedure.

**Plainitff's Requests for Production of Documents**

14. On May 25, 2007, Plaintiff Meyer served Document Requests on Defendants, requesting, at Requests 1, 2, 3, 5, 6 and 7, documents related to or referring to: Ms. Meyer since 2004, Meyer's employment as law clerk, Meyer's legal action, Meyer's work on a previous civil rights complaint, and related relevant documents. See Requests ##1, 2, 3, 5, 6, 7, at Exhibit "B."

15. By Response dated June 21, 2007, Defendants rely upon vague objections of overbreadth and undue burden. See Responses, at Exhibit "B."

16. Several documents believed to exist have not been produced – such as Monthly Reports prepared by Defendant O'Connor and submitted to Defendant Shotzberger using Plaintiff Meyer's own law clerk reports:

```
        Q.   What kind of reports does Mr. O'Connor make to
             you regarding activities in the law library?
        A.   I get a monthly report from him.
        Q.   And what does that report contain?
        A.   It contains how many copies were made, how many
             appointments were made by inmates, how many were
```

4

```
                actually seen.
```

(Shotzberger, p. 27, 18-24, at Exhibit G).

17.Defendant's objections are improper, and Defendants should be compelled to comply in full and without further objection to Plaintiff's Document Requests 1, 2, 3, 5, 6 and 7.

### Documents Requested At Deposition

18.On June 22, 2007, during the deposition of George O'Connor Plaintiff placed on record and marked six (6) document requests, which counsel agreed to produce, including documents concerning Ms. Meyer kept in O'Connor's office files, Meyer's employment or personnel file, copies of documents allegedly "shredded" and others.  See Deposition Doc. Requests, at Exhibit "E."

19.To date, no response to such requests has been forthcoming.

### Plaintiff's Interrogatories – First Set

20.Plaintiff served Interrogatories-First Set on Defendants on June 25, 2007.  See Interrogatories and Notice of Service, at Exhibit "F."  After discussions regarding compliance and a confidentiality stipulation regarding Dept. of Correction policies and procedures, Defendants served a response to such Interrogatories electronically on September 12, 2007 at 4:28pm, referencing and incorporating several documents to be provided, including policies and procedures, which as of September 13, 2007, have not yet arrived.  These interrogatories are not signed and/or verified by the Defendants themselves and thus violate the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 33(b).

21. Accordingly, Plaintiff seeks the limited extraordinary relief of an extension of the September 14, 2007 discovery deadline <u>only</u> for the purposes of reviewing the responses and moving to compel full responses should Plaintiff deem necessary.

**Sanctions**

22. Plaintiff incorporates Paragraphs 1 through 21 above as if fully set forth.

23. Although Plaintiff does not fault Defendants' counsel, and some documents have been produced, it appears to Plaintiff that Defendants themselves are avoiding full compliance with discovery requests by attempting to obfuscate discovery and unnecessarily burden Plaintiff.

24. For instance, on June 21, 2007, in response to Plaintiff's request for identification of any relevant documents that have been destroyed, deleted, or lost (Doc. Req. 15), Defendants responded simply that "<u>Defendants have no knowledge of destroyed, deleted, or lost documents.</u>"  See <u>Response No. 15</u>, at Exhibit "B."

25. The very next day, June 22, 2007, at deposition, Defendant O'Connor admitted that, in fact, he shredded two letters in which Plaintiff requested that her confiscated legal files be returned to her:

> Q. Do you retain or do you know of copies of the letters that you referred to, that you referred to regarding Ms. Meyer's request for documents back?
>
> A. What do you mean?  The letters she wrote to me?
>
> Q. Yes.
>
> A. Do I have them?
>
> Q. Do you have them?
>
> A. No, I don't.
>
> Q. What happened to those?

6

> A. I shred them as I do with all inmate
>    communications.

(O'Connor, pp. 147-48, at Exhibit "E").

26. The difference between the Document Request Response #15 and reality is marked, indicating that Defendants do not supply full and complete answers for paper discovery responses and mislead Plaintiff. Plaintiff brought this to the attention of counsel to no avail. See Exhibit "D."

27. Plaintiff should be awarded $1,000.00 in counsel fees for the expense of requiring this motion in order to correct plainly deficient discovery practices by Defendants.

**Relief Requested**

28. Plaintiff's above described and attached Discovery Requests are plainly calculated to lead to discoverable evidence and must be subject to discovery.

29. Despite repeated efforts on the part of Plaintiff to secure the above discovery, Plaintiff has not been able to acquire it by amicable means.

WHEREFORE, Plaintiff Terri L. Meyer respectfully requests an Order compelling Defendants to comply with Plaintiffs Discovery Requests within 10 days as set forth in the attached proposed form of Order.

Respectfully Submitted,

Dated: Sept. 14, 2007        By:    /s/ Drewry Fennell
                                    Drewry Fennell, Esquire
                                    ACLU Foundation of Delaware
                                    100 W. 10th Street, Suite 309
                                    Wilmington, DE 19801
                                    Phone: (302) 654-5326, ext. 103
                                    Fax: (302) 654-3689

                                    /s/Liam Y. Braber
                                    Christopher I. McCabe, Esquire
                                    Liam Y. Braber, Esquire
                                    JACOBY DONNER, P.C.
                                    1700 Market Street, Suite 3100
                                    Philadelphia, PA 19103
                                    Phone: (215) 563-2400
                                    Fax: (215) 563-2870

                                    *Counsel for Plaintiff, Terri Lee Meyer*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date listed below Plaintiff's Motion To Compel Discovery, proposed Orders, and supporting Memorandum of Law were filed electronically and are available for viewing and downloading from the District of Delaware's Electronic Case Filing system on-line, and that a true and correct copy of such documents were served by electronic means, and by regular mail as appropriate, upon the following:

Ophelia M. Waters, Esq.
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, DE 19801

Dated: Sept. 14, 2007        By:    /s/ Drewry Fennell
                                    Drewry Fennell, Esquire
                                    ACLU Foundation of Delaware
                                    100 W. 10th Street, Suite 309
                                    Wilmington, DE 19801
                                    Phone: (302) 654-5326, ext. 103
                                    Fax: (302) 654-3689

                                    /s/Liam Y. Braber
                                    Christopher I. McCabe, Esquire
                                    Liam Y. Braber, Esquire
                                    JACOBY DONNER, P.C.
                                    1700 Market Street, Suite 3100
                                    Philadelphia, PA 19103
                                    Phone: (215) 563-2400
                                    Fax: (215) 563-2870

                                    *Counsel for Plaintiff, Terri Lee Meyer*

**CERTIFICATE OF GOOD FAITH**

      I, duly authorized as counsel for Movant, hereby certify that Movant has in good faith conferred and attempted to confer with non-movant Defendants in an effort to secure the foregoing requested discovery without court action and, after reasonable effort, is unable to obtain the discovery.

Dated: <u>Sept. 14, 2007</u>        By:    /s/ Drewry Fennell
                                                      Drewry Fennell, Esquire
                                                      ACLU Foundation of Delaware
                                                      100 W. 10th Street, Suite 309
                                                      Wilmington, DE 19801
                                                      Phone: (302) 654-5326, ext. 103
                                                      Fax: (302) 654-3689

                                                      /s/Liam Y. Braber
                                                      Christopher I. McCabe, Esquire
                                                      Liam Y. Braber, Esquire
                                                      JACOBY DONNER, P.C.
                                                      1700 Market Street, Suite 3100
                                                      Philadelphia, PA 19103
                                                      Phone: (215) 563-2400
                                                      Fax: (215) 563-2870

                                                      *Counsel for Plaintiff, Terri Lee Meyer*